UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMINO PEDRO B.S., | No. 1:26-CV-04844-RLP |
| Petitioner, | ORDER DISMISSING HABEAS PETITION |
| v. | |
| WARDEN, California City Immigration Processing Center; FIELD OFFICE DIRECTOR, ICE Los Angeles Field Office; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement, MARKWAYNE MULLIN, Secretary of Homeland Security, TODD BLANCHE, Acting Attorney General, UNITED STATES, | |
| Respondents. | |

Before the Court is Petitioner Maximino Pedro B.S.'s[1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1, and motion for a temporary restraining

---

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits

ORDER DISMISSING HABEAS PETITION * 1

order, ECF No. 2. Petitioner challenges the lawfulness of his civil detention and seeks immediate release, or alternatively a second bond hearing. In opposition, Respondents contend the Petition should be dismissed as Petitioner did not exhaust his administrative remedies before filing the Petition. Because Petitioner did not exhaust his administrative remedies by filing an appeal of the immigration judge's initial bond decision, the Court dismisses the petition.

## BACKGROUND

Petitioner is a citizen of Mexico. He entered the United States in April 2022. He has resided in the United States continuously since that time. On March 30, 2026, Petitioner was detained by immigration officers in New York. Petitioner promptly filed a habeas petition in the Western District of New York, which was granted on April 6, 2026. *Maximino Pedro S.B. v. Bausch, et. al.*, 6:26-CV-6396-JLS (W.D.N.Y., Apr. 6, 2026). The Western District of New York ordered that Petitioner be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER DISMISSING HABEAS PETITION * 2

A bond hearing occurred on May 22, 2026. An immigration judge found Petitioner to be a significant flight risk as he did not submit any documents in support of his bond, and was therefore unable to demonstrate he had family, employment, community ties, or a probable path to obtain lawful status. Any appeal of the bond decision was due on June 22, 2026. Respondent represents that Petitioner did not file an appeal, although Petitioner attaches to his petition a Notice of Appeal of the immigration judge's bond decision dated June 20. Petitioner filed the instant petition for a writ of habeas corpus instead on June 24, 2026.

EXHAUSTION OF REMEDIES

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995) (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)).

ORDER DISMISSING HABEAS PETITION * 3

If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id*. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing*, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Respondents cite *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011) in support of their motion to dismiss the petition. In *Leonardo*, the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas alleging that his prolonged detention without a bond hearing violated his due process rights. *Id*. at 1159. The district court entered an

ORDER DISMISSING HABEAS PETITION * 4

order directing respondent to hold a bond hearing and refrained from ruling on the petition until such a hearing had been held. *Id*. At the hearing, an immigration judge denied petitioner bond, finding he was a danger to the community. *Id*. The petitioner did not appeal this determination but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. *Id*.

The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision. *Id*. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA [Board of Immigration Appeals]." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

*Id*. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review. *Id*. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court

ORDER DISMISSING HABEAS PETITION * 5

and the district court's decision would have been subject to review in this court." *Id*. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. *Id*. at 1160-61.

*Leonardo* controls. The only reason Petitioner provides as to why he should be excused from exhaustion of his administrative remedies is that his right to appeal has been compromised by his cross-country transfers and the threat of his imminent removal. It is unclear why these factors prevented Petitioner from filing an appeal of the bond decision, but did not prevent him from filing a second habeas petition. Accordingly, he does not demonstrate why he should be excused from his failure to appeal the immigration judge's decision.

Moreover, the *Puga* factors do not support excusing Petitioner from the prudential exhaustion requirement.

The first *Puga* factor is whether agency expertise is required to create a proper record and reach a proper decision. This Court has consistently held that where, as here, the petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026);

ORDER DISMISSING HABEAS PETITION * 6

*Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). Therefore, the first *Puga* factor weighs in favor of excusing Petitioner from the prudential exhaustion requirement.

However, the second and third *Puga* factors weigh against excusing Petitioner. On the second factor, relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum. *See Vig v. Albarran*, 2026 WL 1346686, at *2 (E.D. Cal. May 14, 2026). This factor favors requiring prudential exhaustion.

As to the third *Puga* factor, Petitioner does not demonstrate how administrative review would not allow the agency to correct its own mistakes. The BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025) (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). The BIA's review of the immigration judge's order would have "allow[ed] the agency to correct its own mistakes" and potentially "preclude the need for judicial review." *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). As stated above, Petitioner's argument as to the futility of an appeal is unavailing.

ORDER DISMISSING HABEAS PETITION * 7

As the *Puga* factors do not favor excusing Petitioner from the prudential exhaustion requirement, *Leonardo* controls. Moreover, because Petitioner claims that the immigration judge violated his procedural due process rights, he must first exhaust this claim before seeking judicial review. *See Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims.").

Accordingly, because Petitioner does not demonstrate that the prudential exhaustion requirement should be excused, the petition for writ of habeas corpus is dismissed without prejudice. For the same reason, his motion for a temporary restraining order is denied.

**Accordingly, IT IS ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED** without prejudice.

2.    The Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED**.

3.    Judgment shall be entered for Respondents.

//

ORDER DISMISSING HABEAS PETITION * 8

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to petitioner and counsel, and **CLOSE** the file.

DATED July 9, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING HABEAS PETITION * 9